## Carpenter Unemployment Compensation Case.

Argued September 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Jerome H. Gerber*, with him *Handler, Gerber and Widmer*, for claimants, appellants.

*Sydney Reuben,* Assistant Attorney General, with him *William C. Sennett,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., December 12, 1968:

These are appeals by Rupert B. Carpenter and Edward Vesolich, Jr., and twenty-four other claimants from the decisions of the Unemployment Compensation Board of Review that determined certain payments due and payable to them by the employer at the termination of their employment were deductible from their unemployment benefit entitlement.

All of the claimants were employed by the Vulcan-Kidd Division of the H. K. Porter Company, Inc. and the money at issue was paid to each claimant under a collective bargaining contract between the employer and the United Steelworkers of America. The money fell into three categories:

(a) A payment equal to 13 weeks of vacation pay reduced by vacation pay actually received. It has been designated Special Initial Pension.

(b) A lump sum benefit equal to one week's vacation pay for each five years of service. This is designated as Retirement Unit Pension Amount.

(c) A regular monthly pension designated as Regular Pension.

The Bureau held that the payments were not deductible. The employer appealed. The Referee affirmed the Bureau as to the Special Initial Pension and the Retirement Unit Pension but held that the Regular Pension was deductible. Both parties appealed to the Board with the Bureau intervening on behalf of its determination. The Board held that all payments received on termination of employment were chargeable against Unemployment Compensation benefits and this appeal followed.

We agree with the Board that the matter is controlled by the clear and unambiguous language of the legislature in §404 of the Unemployment Compensation Law, 43 PS §804, as amended, March 24, 1964, P. L. 53, §6. The pertinent part reads as follows:

"(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred sixty-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of (1) that part of the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit, (2) vacation pay, if any, (3) severance or separation allowances or dismissal wages and similar payments, the payment of or eligibility for which is made or conditioned upon a temporary, indefinite or permanent separation from employment except payments made pursuant to a private plan the actual and declared purpose of which is to provide benefits in addition to the compensation provided by this act and so found by the department, (4) the amount of a retirement pension or annuity, if any, (a) paid or (b) which upon application would be payable to him without diminution on account of age under a public or private pension plan to which only an employer or employers of such employe has contributed, (5) one-half of the amount of a retirement pension or annuity, if any, (a) paid or (b) which upon application would be payable to him without diminution on account of age under a public or private pension plan to which both the employe and an employer or employers of such employe have contributed. The provisions of this subsection shall be applicable whether or not such vacation pay, retirement pension or annuities, payments, allow-

ances or wages are legally required to be paid. If such retirement pension or annuity payments deductible under the provisions of this subsection are received on other than a weekly basis, the amount thereof shall be allocated and pro-rated in accordance with the rules and regulations of the department. Vacation pay, severance or separation allowances, dismissal wages or other remuneration deductible under the provisions of this subsection shall be pro-rated on the basis of the employe's normal full-time weekly wage and as so pro-rated shall be allocated to such period or periods of unemployment as shall be determined by rules and regulations of the department. Retirement pension or annuity payments received by the employe under any private retirement plan to which the employe was the sole contributor, shall not be considered a deductible retirement pension or annuity payment for the purposes of this subsection. Such compensation, if not a multiple of one dollar ($1.00), shall be computed to the next higher multiple of one dollar ($1.00)."

It is true that the Bureau attempted by regulation to make some distinction by age in the pension deductions, treating those over 62 and under 62 as different categories. However, the Bureau by doing so was flying into the face of the clear mandate of the legislature under §404(d). This is indicated by the decision B-85876, the Robert E. O'Connor case, decided May 1, 1964 where the bureau's interpretation was used. However, it is quite clear that with the passage of the amendment to §404, supra, that went into effect as of July 1, 1964 that the Board reversed the O'Connor case by its decision in Harry Chipatz case, B-93726 in which it was held that the retirement benefits without age categories were deductible under §404(d), as amended, supra. There have been no decisions on this made above the department level.

It is true also that the section involved in this appeal has been amended to include the age distinction first advanced by the Bureau by Act of January 17, 1968, P. L.     , Reg. Sess., Purdon's Pennsylvania Legislative Service, Vol. 1, page 16. The amendments are effective for weeks ending on or after January 1, 1968. The computation changes made by those amendments have no application to the instant claims.

The decisions of the Unemployment Compensation Board of Review are affirmed.